[PHILADELPHIA, 1833.]

## FREYTAG *against* POWELL and Another.

1. Land in and adjoining the City of Philadelphia, has been never considered to be within the jurisdiction of the land-office, so as to be the subject of grant by warrant, survey and patent.
2. Land on the navigable rivers of Pennsylvania, between high and low water mark, is not within the jurisdiction of the land-office, so as to be the subject of such grant.

THIS.was an action of ejectment brought in the District Court, for the City and County of Philadelphia, by Michael Freytag against John Hare Powell and George Tickner, to recover " 27 acres and 157 perches of marsh or cripple land," situate in Blockley township, in the County of Philadelphia.

The cause came on for trial on the 14th of Nov. 1833, before Judge *Pettit* and a special jury.

The plaintiff gave in evidence, the following title :

1. An application by him to the land-office, dated August 9th, 1830, " for 30 acres of land, situate in the County of Philadelphia, adjoining lands of Richard Harding, on the north ; land of William Bingham and the late Elizabeth Powell and others, on the west ; the Lancaster turnpike road to the south, and the river Schuylkill to the east ; which tract is unimproved.
2. A warrant from the Secretary of the land-office, dated August 16th, 1830, reciting the above application, and directing a survey of " the quantity of acres applied for at the place aforesaid, if not already surveyed or appropriated."
3. A receipt from the land-office, dated-August 16th, 1830, for the purchase money of the said 30 acres, at the rate of ten pounds for a hundred acres.
4. A survey by David Coombs, deputy surveyor, dated October 12th, 1830, made in pursuance of said warrant of " a tract of marsh and cripple land, situate as aforesaid : the whole tract containing 30 acres and 43 perches. The part retained containing 27 acres and 157 perches, being unimproved. The residue is two acres and 46 perches, and belongs to the City Corporation." On the back of the return of the survey, was this memorandum, " Placed in the rejected files in consequence of a decision of the Board of Property of the 5th December, 1831."

A certified copy of the minutes of the Board of Property, was then given in evidence by the plaintiff, showing that a *caveat* had been entered at the land-office, by John Hare Powell and others, that a hearing of the parties had taken place, and that the Board of Property had decided on the 10th of December, 1831, that a patent could not issue to Michael Freytag.

The application to the land-office was under the act of Assembly, of April 1st, 1784, entitled "an act for opening the land-office, for granting and disposing of the unappropriated lands within this state."

The action was instituted within the term of six months after the date of the decision of the Board of Property.

The plantiff here rested his case.

The defendant claimed title as to part of the land in dispute, under a warrant and survey, and a patent from the proprietary, dated the 16th of the 5th month, 1684, in favour of Barnabas Wilcox, and sundry mesne conveyances. The warrant survey and patent each called for the river Schuylkill as a boundary, the first line being as follows : " Beginning at a white oak *by the side of the river Schuylkill;*" and the last line being as follows : " from a pine tree *standing on the Schuylkill river, thence up the several courses of the said river,* to the first mentioned white oak." As to the remaining part of the tract, the defendant claimed under a warrant and survey, and a patent from the proprietary, dated March 16th, 1692, in favour of Thomas Duckett, and sundry mesne conveyances. The warrant recited his purchase of " a Schuylkill front ;" the patent, however, described one line as running from " a corner post standing on the edge of the fast-land, thence along the several courses of the same to a corner post of the burying ground ;" and another line as running from " a corner post standing by the cripple side, thence along the several courses thereof, to the place of beginning." It appeared that at the date of the patent, a small space was occupied as a burying-ground, with a river front dividing the two lines, which, however, in the course of time, ceased to be used for the purpose.

The following points were ruled by Judge *Pettit,* in his charge to the jury :

1. That the *Great Town* of William Penn, including the *City* of Philadelphia and the *Liberty* land, was laid out and surveyed for a special purpose, and was never deemed before the revolution to be within the ordinary rules, by which vacant and unimproved land was sold by the proprietaries, or by their agents acting as land officers. And that the acts of 1781 and 1784, are to be construed as having a reference to this characteristic, previously well known and

understood, and as excluding from the usual jurisdiction of the land office, the land in and near the City of Philadelphia.

2. That if the Duckett Patent of March 16th, 1692-3, under which the defendant claimed title, called for the river Schuylkill as a boundary, then there was nothing upon which the plaintiff's warrant could operate.

3. That land on the navigable rivers of Pennsylvania, between high and low water mark, detached from the land above high water mark, is not within the jurisdiction of the land office, and is not grantable in the usual way, upon the usual terms, by warrant and survey; and consequently, that if the marsh or cripple land surveyed under the plaintiff's warrant, was below ordinary high water mark, the plaintiff could have no title.

Upon the first proposition the jury were informed that the law called for a verdict for the defendant.

The grounds for the opinion of the Court on all the points, were given at large in the charge.

